**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JENDRI MALDONADO-ZAPON,

    Petitioner,

v.                                               Case No. 09-10224

RAYMOND T. BOOKER,

    Respondent.

                                                /

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
BUT GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Jendri Maldonado-Zapon has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. The pleading challenges Petitioner's state convictions for first-degree criminal sexual conduct and kidnapping on grounds that the trial court erred during post-conviction proceedings, trial and appellate counsel were ineffective, and his sentence is invalid. The court finds no merit in these claims. Accordingly, the habeas petition will be denied.

**I. BACKGROUND**

**A. The Charges, Plea, and Sentence**

Petitioner was charged in Kent County, Michigan with kidnapping, assault with intent to commit first-degree criminal sexual conduct, and three counts of first-degree criminal sexual conduct. The charges arose from allegations that Petitioner forcibly moved the victim from one place to another place and then sexually penetrated her, using force or coercion and aided by one or more other men.

On October 30, 2001, Petitioner pleaded guilty to one count of first-degree criminal sexual conduct, Mich. Comp. Law § 750.520b(1)(d)(ii), and one count of kidnapping, Mich. Comp. Law § 750.349. In exchange for the plea, the prosecutor dismissed the other counts. The parties and the trial court also agreed that the minimum sentence would not exceed twelve years and that Petitioner would be turned over to immigration authorities for deportation after serving his sentence. On December 18, 2001, the trial court sentenced Petitioner to imprisonment for two concurrent terms of twelve to fifty years.

### B.  The Motion for Resentencing and First Appeal

In 2002, Petitioner requested appointment of appellate counsel. The trial court denied Petitioner's request, and Petitioner did not apply for leave to appeal *in propria persona*. In 2005, following the Supreme Court's decision in *Halbert v. Michigan*, 545 U.S. 605 (2005), the trial court appointed an appellate attorney for Petitioner. Counsel for Petitioner then filed a motion for resentencing pursuant to Michigan Court Rule 6.429. He argued that the sentencing guidelines of 126 to 210 months for first-degree criminal sexual conduct should be reduced to 42 to 70 months on the basis of *Blakely v. Washington*, 542 U.S. 296 (2004), because he did not admit the facts used to score certain offense variables of the Michigan sentencing guidelines. The trial court denied Petitioner's motion as untimely under Michigan Court Rule 6.429(B)(1)–(3) and stated that Petitioner could seek relief only through a motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules.

Petitioner applied for leave to appeal through counsel. He argued that the trial court erred when it determined that his motion for re-sentencing was untimely and that his only avenue for relief was a motion for relief from judgment. The Michigan Court of Appeals denied leave to appeal for lack of merit in the ground presented. *See People v. Maldonado-Zapon*, No. 272313 (Mich. Ct. App. Sept. 28, 2006).

Petitioner raised the same issue and two new issues in the Michigan Supreme Court. The new issues alleged that trial and appellate counsel were ineffective and that Petitioner's sentence was increased on the basis of facts that he did not admit and which were not proved to a jury beyond a reasonable doubt. The Michigan Supreme Court denied leave to appeal on January 4, 2007, because it was not persuaded to review the issues. *See People v. Maldonado-Zapon*, 725 N.W.2d 345 (Mich. 2007).

### C. The Motion for Relief from Judgment and Second Appeal

On December 20, 2007, Petitioner filed a motion for relief from judgment. He alleged that: (1) appellate counsel was the "cause" of his procedural default; (2) trial counsel was ineffective for failing to object to the asserted erroneous calculation of the sentencing guidelines; (3) his sentence was increased on the basis of facts that he did not admit and that were not proved to a jury beyond a reasonable doubt; and (4) appellate counsel was ineffective for failing to raise meritorious claims in the direct appeal. The trial court denied Petitioner's motion, but ordered the probation department to reduce Petitioner's offense-variables total and to change the total offense-variables score on Petitioner's sentencing information report.

Petitioner appealed the trial court's decision, but the Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rue 6.508(D).  *See People v. Maldonado-Zapon*, No. 286699 (Mich. Ct. App. Oct. 10, 2008).  On April 28, 2009, the Michigan Supreme Court denied leave to appeal for the same reason.  *See People v. Maldonado-Zapon*, 764 N.W.2d 247 (Mich. 2009).

### D.  The Habeas Petition and Responsive Pleading

Petitioner filed his habeas corpus petition on January 21, 2009.  His grounds for relief are (1) the trial court erred when it concluded that Petitioner's only post-conviction remedy was a motion for relief from judgment, (2) ineffective assistance of appellate counsel was sufficient "cause" to excuse Petitioner's procedural default, (3) trial counsel was ineffective for failing to object to the trial court's erroneous calculation of the sentencing guidelines range, (4) the trial court sentenced him on the basis of facts that he did not admit and that were not proved to a jury, and (5) appellate counsel was ineffective for failing to raise various claims on appeal.  Respondent argues in an answer to the habeas petition that Petitioner's first claim is not cognizable on habeas corpus review, that Petitioner's third and fourth claims are procedurally defaulted because Petitioner did not raise them on direct review, and the second and fifth claims lack merit.

Procedural default also is not a jurisdictional limitation.  *Pudelski v. Wilson*, 576 F.3d 595, 606 (6th Cir. 2009), *cert. denied*, __ U.S. __, 130 S. Ct. 3274 (2010).  Thus, there is no need to determine whether Petitioner's claims are procedurally defaulted or whether he has shown cause for the default and resulting prejudice.  The court will proceed to address Petitioner's claims on their merits.

4

## II.  STANDARD OF REVIEW

State prisoners are entitled to the writ of habeas corpus only if the state court's adjudication of their claims on the merits

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."  *Id.* at 409.

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.* at 411.  "[W]here factual findings are challenged, the habeas petitioner has the burden of rebutting, by clear and convincing evidence, the presumption that the state court's factual findings are correct."  *Goodwin v. Johnson*, 632 F.3d 301, 308 (6th Cir. 2011) (citing 28 U.S.C. § 2254(e)(1) and *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 786 (2011). To obtain a writ of habeas corpus from a federal court, a petitioner must show that the state court's decision "was so lacking in justification" that it resulted in "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

### III. DISCUSSION

#### A. The Denial of Petitioner's Motion for Resentencing

Petitioner alleges that the trial court erred when it denied his motion for resentencing and concluded that his only post-conviction remedy was a motion for relief from judgment. Petitioner contends that his motion for resentencing should have been considered timely because the motion was his first-tier appeal and because the Supreme Court stated in *Halbert* that defendants who plead guilty are entitled to appellate counsel for their first-tier appeal as of right. 545 U.S. at 610.

This claim lacks merit because it is based on the trial court's interpretation of Michigan Court Rule 6.429 and Subchapter 6.500 of the Court Rules. "A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (*per curiam*)).

6

Petitioner implies that his motion for resentencing was timely, relying upon the Supreme Court's decision in *Halbert*. However, Petitioner's convictions became final in 2002, years before the 2005 ruling in *Halbert*. The court is barred from applying *Halbert* retroactively on collateral review. *Simmons v. Kapture*, 516 F.3d 450, 451 (6th Cir. 2008). Even if it were retroactive, the holding of *Halbert* is "that the Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals." *Halbert*, 545 U.S. at 606. *Halbert* did not extend the deadline for filing motions for resentencing, nor did it expand the trial court's jurisdiction to decide motions for resentencing. Furthermore, the trial court ultimately appointed counsel to assist Petitioner on appeal and Petitioner was permitted to file a delayed first-tier appeal, which was rejected for lack of merit. The court concludes that Petitioner's claim is not cognizable on habeas review and lacks merit.

### B. Trial Counsel

Petitioner alleges next that trial counsel was ineffective for failing to object to the erroneous calculation of the sentencing guidelines range.

### 1. Clearly Establish Federal Law

To prevail on a claim of ineffective assistance of trial counsel, a habeas petitioner must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

7

defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.

To demonstrate that counsel's performance prejudiced the defense, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "This does not require a showing that counsel's actions 'more likely than not altered the outcome." *Richter*, 131 S. Ct. at 792 (quoting *Strickland*, 466 U.S. at 693). However, "[t]he likelihood of a different result must be substantial, not just conceivable." *Id*. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Id.* at 788 (citations omitted).

### 2. Application

Petitioner has not elaborated on his claim about trial counsel, but he alleged in state court that trial counsel should have objected to the scoring of offense variables three, ten, eleven, and sixteen of the state sentencing guidelines. He argued that the trial court scored sixty-one points for conduct already taken into consideration in the sentencing guidelines and not admitted at the plea proceeding.

"Generally, a defendant who voluntarily and understandingly entered into a plea agreement that included a specific sentence waives appellate review of that sentence." *People v. Billings*, 770 N.W.2d 893, 900 (Mich. Ct. App. 2009) (citing *People v. Wiley*, 693 N.W.2d 800, 800 (Mich. 2005)). Because Petitioner voluntarily and knowing pleaded guilty pursuant to an agreement that called for a specific sentence, he waived review of a challenge to the scoring of the sentencing guidelines, and trial counsel was not ineffective for contesting the guidelines score.

Even if Petitioner did not waive review of a challenge to the scoring of the sentencing guidelines, the trial court determined that offense variables three, ten, and eleven were correctly scored. The trial court also determined that offense variable sixteen was incorrectly scored, but that the error was harmless because the reduction in one point for that offense variable would not change the scoring grid or the sentencing guidelines.

This court must defer to the state court's interpretation of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001). Because the state court found no error or harmless error in the scoring of the guidelines, defense counsel was not ineffective for failing to object to the guidelines. "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

### C. The *Blakely* Claim

Petitioner alleges that the trial court sentenced him on the basis of facts that he did not admit and that were not proved to a jury. More specifically, Petitioner claims that he pleaded guilty to one count of first-degree criminal sexual conduct, but the trial court sentenced him on the basis of multiple acts of criminal sexual conduct that he did not admit to committing.

This claim is based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Blakely*, the Supreme Court stated

that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  542 U.S. at 303 (emphasis omitted).

The United States Court of Appeals for the Sixth Circuit has held that *Blakely* does not apply to Michigan's indeterminate sentencing scheme, so long as the sentence does not exceed the statutory maximum.  See *Montes v. Trombley*, 599 F.3d 490, 497 (6th Cir. 2010).  Petitioner's sentence of twelve to fifty years does not exceed the statutory maximum of life imprisonment.  See Mich. Comp. Laws § 750.520b(2)(a).  Therefore, his sentence is not invalid under *Blakely,* and he has no right to relief.

### D.  Appellate Counsel

Petitioner alleges in his second claim that ineffective assistance of appellate counsel presents sufficient cause to excuse his procedural default of failing to raise all his claims on direct appeal.  Even without considering the effectiveness of appellate counsel, the court has excused the alleged procedural default, and the court will addressed Petitioner's claims on their merits.  Thus, there is no need to determine whether the action or inaction of appellate counsel presents sufficient "cause" for Petitioner's failure to raise all his claims on direct appeal.

The fifth and final claim, however, alleges that appellate counsel was ineffective for failing to raise meritorious claims on appeal.  Petitioner asserts that his appellate attorney should have argued that (1) his sentence was increased on the basis of facts not proved to a jury beyond a reasonable doubt, nor admitted by Petitioner, (2) counsel was ineffective for failing to object to incorrectly scored sentencing guidelines, and (3) he was denied his constitutional right to a first-tier appeal.

### 1. Clearly Established Federal Law

The *Strickland* standard applies to claims regarding appellate counsel. *Webb v. Mitchell,* 586 F.3d 383, 398 (6th Cir. 2009) (citing *Smith v. Robbins*, 528 U.S. 259, 285 (2000)), *cert. denied*, __ U.S. __, 130 S. Ct. 2110 (2010). The "deficient performance" prong of the two-part *Strickland* test requires showing that appellate counsel made an objectively unreasonable decision to raise other issues in place of the petitioner's claims. *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 285 (6th Cir. 2010). Petitioner must show that his claims are clearly stronger than the issues counsel presented to the Michigan Court of Appeals. *Id.* (quoting *Webb v. Mitchell*, 586 F.3d at 399). To demonstrate "prejudice," Petitioner must show a reasonable probability that he would have prevailed on appeal but for his attorney's failure to raise all his claims.

### 2. Application

#### a. *Blakely*

Petitioner's argument that appellate counsel should have raised a *Blakely* claim on appeal lacks merit because the Michigan Supreme Court had already held that Michigan's sentencing system was unaffected by the holding in *Blakely* and that the maximum sentence a trial court may impose in Michigan is the statutory maximum. *See People v. Drohan*, 715 N.W.2d 778, 791-92 (Mich. 2006). In light of this holding by the State's highest court and the fact that Petitioner was sentenced within the statutory maximum of life imprisonment, appellate counsel was not ineffective for failing to raise a *Blakely* claim. An attorney is not ineffective for failing to make a futile argument. *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000).

### b. Trial Counsel

Petitioner argues next that appellate counsel should have raised a claim about trial counsel's failure to object to the incorrectly scored sentencing guidelines. Trial counsel negotiated a favorable plea and sentencing agreement, and, as noted above, Petitioner waived his challenge to the scoring of the sentencing guidelines by agreeing to a minimum sentence of twelve years. The trial court, moreover, ultimately determined that there was sufficient evidence to support the scoring of offense variables three, ten, and eleven, and that the erroneous scoring of offense variable sixteen was harmless. Trial counsel, therefore, was not ineffective for failing to challenge the guidelines score, and the court's inquiry is at an end. Because trial counsel performed adequately, appellate counsel was not ineffective for failing to raise a meritless issue about trial counsel. *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

### c. First-Tier Appeal

Petitioner's final claim about appellate counsel is that counsel failed to argue that Petitioner was denied his constitutional right to a first-tier appeal. Petitioner, however, was not denied a first-tier appeal. His appellate attorney filed a delayed application for leave to appeal in the Michigan Court of Appeals and argued that the motion for resentencing was timely under *Halbert*. Because Petitioner was not denied an appeal, appellate counsel was not ineffective for failing to make that argument.

For the reasons given above, the court concludes that appellate counsel's performance was not deficient and that the allegedly deficient performance did not prejudice Petitioner. The result of the appeal would not have been different had

appellate counsel raised all of Petitioner's claims on appeal. Consequently, appellate counsel was not constitutionally ineffective.

### IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the court concludes the reasonable jurists could not disagree and the issues do not deserve encouragement to proceed further.

The standard for granting an application for leave to proceed *in forma pauperis* is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant leave to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a); *Foster*, 208 F. Supp. 2d at 764-65. "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster*, 208 F. Supp. 2d at 765. Although the court declined to issue a certificate of appealability, the court finds that Petitioner's claims are not frivolous. The court will therefore grant Petitioner's application to proceed on appeal *in forma pauperis*.

## V. CONCLUSION

The state courts' rejection of Petitioner's claims did not result in decisions that were contrary to federal law, unreasonable applications of federal law, or unreasonable determinations of the facts. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. # 1] is DENIED.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

IT IS FURTHER ORDERED that Petitioner may proceed *in forma pauperis* on appeal without further authorization pursuant to Federal Rule of Appellate Procedure 24(a)(3).

                                        s/Robert H. Cleland  
                                        ROBERT H. CLELAND  
                                        UNITED STATES DISTRICT JUDGE

Dated: July 6, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record and to Petitioner Jendri Maldonado-Zapon, #387743, Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446, on this date, July 6, 2011, by electronic and/or ordinary mail.

                                        s/Lisa G. Wagner  
                                        Case Manager and Deputy Clerk  
                                        (313) 234-5522